UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES KUHLMAN, | Case No. 2:18-CV-2206 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SMITH'S GOOD & DRUG CENTERS, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff James Kuhlman's motion to remand. (ECF No. 11). Defendants Smith's Food & Drug Centers, Inc. ("Smith's") and Scott Abodeely filed a response (ECF No. 14), to which plaintiff replied. (ECF No. 20).

Also before the court is the parties' stipulation to extend time. (ECF No. 15).

Also before the court is Abodeely's motion to dismiss. (ECF No. 18). Plaintiff filed a response (ECF No. 24), to which Abodeely replied (ECF No. 25).

**I.      Facts**

Plaintiff alleges that on August 5, 2016, he was grocery shopping at a Smith's store located at 3160 North Rainbow Boulevard, Las Vegas, Nevada 89108. (ECF No. 2-1). Plaintiff further alleges that, as he was walking in the produce department, a piece of metal sticking out of a banana bin gashed open is lower left leg, causing him to fall on his hips and lower back. *Id*.

On July 26, 2018, plaintiff initiated this action in state court, alleging three causes of action against Smith's and Abodeely: (1) negligence; (2) negligent hiring, training, supervision, and retention; and (3) *Res ipsa loquitur*. *Id*. Plaintiff and Abodeely are both residents of Nevada. *Id*; *see also* (ECF No. 14).

1    Now, plaintiff moves to remand this case back to state court for lack of subject matter jurisdiction. (ECF No. 11).

**II.  Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

**III.  Discussion**

Plaintiff argues that the court should remand this case back to state court because it lacks diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 11).

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Further, diversity jurisdiction requires complete diversity—that each plaintiff in a case be a citizen of a different state than each defendant. *Matao Yokeno v Sawako*

*Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

Defendants contend that, although plaintiff and Abodeely are residents of Nevada, there still exists complete diversity because plaintiff fraudulently joined Abodelee as a defendant. (ECF No. 14).

"[J]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (citation omitted). Courts in the Ninth Circuit generally presume against the presence of fraudulent joinder. *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

According to the complaint, Abodelee was the assistant director of operations at the time of the accident. (ECF No. 2-1). Because Abodelee's position requires overseeing the safety of the store, plaintiff has asserted a cognizable claim against Abodelee for negligent hiring, training, supervision, and retention. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765 (7th Cir. 2009) ("Whether the employer is held vicariously liable for the agent's conduct, however does not affect the agent's independent tort liability."); *see also Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1650-JCM-PAL, 2013 WL 596098 at *3 (D. Nev. Feb. 15, 2013).

Accordingly, complete diversity does not exist and the court cannot exercise subject matter jurisdiction under § 1332. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) (holding that 28 U.S.C. § 1332 requires "complete diversity").

**IV. Conclusion**

In light of the foregoing, the court will remand this case back to state court and deny all other pending motions.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 11) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that parties stipulation to extend time (ECF No. 15) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Abodelee's motion to dismiss (ECF No. 18) be, and the same hereby is, DENIED without prejudice.

The clerk shall close the case accordingly.

DATED February 11, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -